Bell v. Fisher.

---

## J. H. BELL *et al* v. PAUL FISHER.

1. CHATTEL MORTGAGE — *Validity — Mortgagor's Disposition of Property*. Where a maker of a chattel mortgage disposes of the mortgaged property, or a part thereof, but the mortgage itself contains no reservation, either express or implied, by said mortgagor to use or dispose of the mortgaged property without accounting to the mortgagee therefor, and where the evidence does not disclose any knowledge on the part of the mortgagee of such disposition of the property, the mere fact of such disposition does not render the mortgage void as to creditors.

2. SUFFICIENCY OF EVIDENCE — *Review — Judgment, Not Disturbed*. Where, in an action of replevin, the jury assesses a certain amount of damages for the unlawful detention of property, and there is evidence to sustain such findings, and, after-

ward, the trial court, upon a motion for a new trial, passes upon the sufficiency of such evidence, this court will not disturb the judgment.

MEMORANDUM.— Error from Bourbon district court ; J. S. WEST, judge.   Replevin by Paul Fisher against J. H. Bell and others.   Plaintiff had judgment, and defendants bring the case to this court.   Affirmed. The facts appear in the opinion, filed June 19, 1895.

*Humphrey & Hudson*, for plaintiffs in error.
*Dillard & Padgett*, for defendant in error.

The opinion of the court was delivered by

COLE, J.:  Paul Fisher brought an action in replevin in the district court of Bourbon county against plaintiffs in error, Bell, Mapes, and Hart, whom he claimed unlawfully detained possession of certain horses and cattle, a part of which he claimed as the absolute owner, and a part by reason of a special ownership under a chattel mortgage given by one John R. Young.   Upon the trial the jury found in favor of Fisher, and assessed his damages for the unlawful detention of the property at $100.   From a judgment upon this verdict plaintiffs in error bring the case here.

The evidence shows that Hart obtained a judgment against John R. Young, and that Bell and Mapes were respectively a constable and deputy who levied upon the property in controversy under an execution issued on said judgment.   The chattel mortgage from Young to Fisher was in the ordinary form, and embraced, besides a portion of the property in dispute, some corn and hay, which at the time of the levy had been fed by Young to the stock upon his place and otherwise disposed of.   The principal contention of plaintiffs in

error in this court is that the trial court committed error in refusing to give the following instruction :

"If you find from the evidence that the mortgage given by Young to Fisher covered among other things 80 acres of field corn, more or less, 15 tons of millet hay, and 50 tons of prairie hay, that Young retained possession of said corn and hay, and used, consumed or disposed of the same without accounting to Fisher for said corn and hay, or the proceeds thereof, the mortgage is fraudulent as against the defendants, and the plaintiff cannot recover."

It seems to us that the trial court properly refused to give this instruction as asked. The main difficulty is that, as requested, the instruction omits a most essential element. It is true that the rule is well settled that, where a chattel mortgage contains a reservation by the mortgagor, either express or implied, to use or dispose of the mortgaged property, and there is no agreement on his part to account to the mortgagee therefor, and the mortgagor does so use or dispose of the mortgaged property or a part thereof without accounting to the mortgagee, or, where there is no such reservation in the mortgage, but one is implied by the evidence disclosing such knowledge on the part of the mortgagee of a disposition of the mortgaged property without accounting to the mortgagee therefor, the mortgage will be held fraudulent as to creditors. And this we think is the doctrine laid down in the case cited in the brief of counsel for plaintiffs in error. But we know of no case where simply a sale or disposition of property described in the mortgage by the mortgagor without accounting invalidates the mortgage in the absence of such reservation or such knowledge on the part of the mortgagee. The counsel further contend that a new trial should have been granted on account of the jury

having awarded $100 as damages for the unlawful detention of the property. The evidence discloses that the levy was made in this case during the month of July, 1889, and that the cattle which were taken under the execution were hurriedly driven away by the plaintiffs in error, Mapes and Hart; that the weather was extremely warm, and that the cattle became excited and heated, and that one of the animals was so injured as to be practically valueless. The evidence further shows that the plaintiffs in error detained all the property some 15 or 16 days.

The jury having found from the evidence that the amount of damages sustained by Fisher was $100, and the court having, upon a motion for a new trial, passed upon the question, this court cannot say that the evidence was so insufficient as to cause us either to reverse or modify the judgment in this particular.

The judgment is affirmed.

All the Judges concurring.